[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR CONTINUANCE, TO QUASH, ANDPROTECTIVE ORDER
This is an action on a promissory note. On September 27, 1994 CT Page 1773 judgment was entered against the defendant in the amount of $118,343.22 for failure to pay the amount due on the debt.
On December 29, 1994 the court granted plaintiff's petition for examination of judgment debtor and set January 30, 1995 for a hearing thereon. On January 9, 1995 the court granted plaintiff's motion for production of documents, and ordered that such documents be produced by January 18, 1995. The defendant has failed to comply with the court orders.
Defendant, a State of Connecticut Senator, has filed an amended motion for continuance, to quash subpoena, or alternatively, for protective order and motion to vacate or modify the court's order on January 9, 1995 granting plaintiff's motion for production. He claims that he is immune from civil process pursuant to Article III, Section 15 of the Connecticut Constitution of 1965. He also claims that the subpoena and order granting the motion for production are overbroad and unduly burden the Senator. He further claims that plaintiff has unreasonably refused to negotiate an amicable resolution to the aforesaid motions and that the plaintiff's subpoena constitutes a willful violation of the arrest clause set forth in the Constitution.
Article III, Section 15 of the Connecticut Constitution of 1965 provides:
 "The senators and representatives shall, in all cases of civil process, be privileged from arrest during any session of the General Assembly and for four days before the commencement and after the termination of any session thereof. And for any speech or debate in either house they shall not be questioned in any other place."
Although our constitution provides that senators are "privileged from arrest" in cases of civil process during any session of the General Assembly, our Constitution does not provide that they are immune from any civil process. Thus, the Wisconsin case (State of Wisconsin v. Beno, 99 Wis.2d 77, 327 N.W.2d 712) cited by the defendant is clearly distinguishable. The Wisconsin Constitution provides in Article IV, Sec. 15:
 "Members of the legislature shall in all cases, except treason, felony and breach of peace, be privileged from arrest; nor shall they be subject to any civil process during the session of the legislature . . ." (emphasis added)
CT Page 1774
If the writers of our Constitution intended that Senators should not be subject to any civil process, they, like the writers of the Wisconsin Constitution, clearly could have said so.
The court does not believe that either a subpoena or summons constitutes an arrest, and that the Connecticut General Assembly has implicitly recognized the distinction between them.
Connecticut General Statutes Section 1-84(i), which was enacted after Article III, Section 15 of the Connecticut Constitution, and which is a part of the Code of Ethics to be followed by the Debtor, states that no public official shall enter into any contract with the state, valued at one hundred dollars or more, with certain exceptions. The statute continues, "Any contract made in violation of this subsection shall be voidable by a court of competent jurisdiction if the suit is commenced within ninety days of the making of the contract." C.G.S. Section 1-84(i). A suit of the type mentioned would be initiated by the service and return of mesne process, a writ of summons or attachment. Connecticut Practice Book Section 49. If this Court were to subscribe to the Debtor's contention that the "privilege" extends to a "summons" or "subpoena" in all civil process, the referenced statute would be meaningless. For example, if on January 15, 1995, a state senator enters into an illegal contract as proscribed by the C.G.S. Section1-84(i), he/she would, unless he/she is impeached or dies, still be a state senator ninety days later. Under the Debtor's interpretation of the Connecticut constitution, suit could not be commenced against such a senator.
While the defendants could be found in contempt for failure to comply with the court's orders, it will not be necessary to arrest and/or imprison him. Sanctions for civil contempt may be imposed by fine. Board of Education v. Shelton Education Assn.,173 Conn. 81 (1977).
The defendant debtor has suggested that the plaintiff has acted with "unclean hands" and should therefore be barred from the relief which it is seeking. As expressed by the court's order for production dated January 9, 1995 (Corradino, J.), the plaintiff is entitled to the information which it is seeking. Judgment creditors must be given wide latitude to discover assets of judgment debtors and any inappropriate conveyances of assets that may be subject to claims by the judgment creditor. The court fails to see that the plaintiff has acted with unclean hands. CT Page 1775
The motions are denied and the defendant is ordered to comply with the court orders dated December 29, 1994 and January 9, 1995, by on or before April 1, 1995 or be subject to contempt and daily fines.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1778